## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DONNA DEAN, | DOCKET NUMBER |
| Appellant, | CH-0841-22-0362-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: May 30, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

S. Daniel Coen, Coulterville, Illinois, for the appellant.

Alison Pastor, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) reconsideration decision denying the appellant survivor annuity benefits. On petition for review, the appellant argues that the administrative judge failed to consider her late husband's (the annuitant's) mental and physical health limitations, which, she

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

asserts, resulted in his inability to properly elect her as a beneficiary of a survivor annuity. Petition for Review (PFR) File, Tab 1 at 3-4. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant failed to establish a basis for waiver of the statutory election requirement, we AFFIRM the initial decision.

Title 5, United States Code, section 8416(b)(1) allows a Federal Employees Retirement System (FERS) annuitant who was married at the time of retirement and remarries after retirement to elect, within two years after the remarriage or, if later, within two years after the death of the former spouse, a survivor annuity for his new spouse. In the initial decision, the administrative judge correctly found that it was undisputed that the FERS annuitant—here, the appellant's deceased spouse—failed to make such an election. Initial Appeal File (IAF), Tab 31, Initial Decision (ID) at 4. He considered the appellant's arguments that OPM misinformed the deceased annuitant that he could not designate the appellant as a beneficiary to a survivor annuity until after his former spouse died and failed to provide him with the forms to make an election or notices regarding the right of election, but the administrative judge concluded that those arguments "do not furnish grounds for awarding the appellant a survivor annuity under FERS." ID

at 6. In arriving at this conclusion, the administrative judge did not consider whether the appellant's arguments constitute a basis for a waiver of the statutory election requirement set forth in 5 U.S.C. § 8416(b)(1). *See Blaha v. Office of Personnel Management*, 106 M.S.P.R. 265, ¶¶ 8-9 (2007) (explaining that equitable estoppel is available as a possible basis for waiver when a claim for money from the U.S. Treasury would not result in contravention of law). We do so here.

The Board has recognized three bases for waiving an election or filing requirement prescribed by statute or regulation: (1) the statute or regulation may provide for a waiver under specified circumstances; (2) an agency's affirmative misconduct may preclude enforcing the requirement under the doctrine of equitable estoppel; and (3) an agency's failure to provide a notice of rights and the applicable requirements, where such notice is required by statute or regulation, may warrant waiver of the requirement. *See Perez Peraza v. Office of Personnel Management,* 114 M.S.P.R. 457, ¶ 7 (2010). Regarding the first basis, the statute does not provide for a specific waiver. *See* 5 U.S.C. § 8416(b). Concerning the third basis, the administrative judge correctly stated that, although OPM is obligated under FERS to provide notice to annuitants of election rights and the procedures and deadlines applicable to making such elections, it is not required to do so annually. ID at 5. The record suggests that such notice was provided.[2] IAF, Tab 12 at 15-21. Thus, the remaining issue is whether OPM's alleged misinformation and failure to provide the deceased annuitant with the election forms constitute affirmative misconduct such that the doctrine of

---

[2] The appellant disputes that OPM ever provided such notice. IAF, Tab 30, Hearing Recording (testimony of the appellant). However, OPM submitted an affidavit from an employee who administers the contract for printing and distribution of forms and notices for retirement services, wherein the employee certifies that general notices regarding survivor elections were sent to all annuitants during the period in question in this appeal. IAF, Tab 12 at 15. The United States Court of Appeals for the Federal Circuit has regarded such an affidavit as sufficient to satisfy a notice requirement. *See Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1380-81 (Fed. Cir. 1999).

equitable estoppel applies. The Board has held that negligent provision of misinformation does not constitute affirmative misconduct, *Perez Peraza*, 114 M.S.P.R. 457, ¶ 10, and the appellant has not alleged that the OPM representative knew that the information provided was false. Additionally, we do not construe any failure on the part of OPM to provide the appropriate election forms as affirmative misconduct, as those forms are available on OPM's website, and the appellant has not asserted that they were inaccessible. Nor has she alleged that OPM ignored reasonable continued efforts to obtain the forms. Accordingly, we modify the initial decision to find that the appellant failed to establish a basis to waive the statutory election requirement.

Regarding the appellant's argument on review that the administrative judge failed to consider the deceased annuitant's mental and physical health limitations due to his Alzheimer's disease, we find this argument to be without merit. The administrative judge explicitly mentioned the deceased annuitant's Alzheimer's disease diagnosis. ID at 2. Further, the Board has held that a retiree's mental incompetence during the period in question does not absolve him of a statutory requirement to elect a survivor annuity during a prescribed timeframe. *See Shaughnessy v. Office of Personnel Management*, 43 M.S.P.R. 633, 638 (1990) (explaining that the Board will not inject into a statute an exception for mentally incompetent persons that would have the effect of excusing a failure to comply with a statutory provision when the statute provides no such exception, and the Board is bound by the clear language of the statute); *see also Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1381-82 (Fed. Cir. 1999).

Based on the foregoing, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:      _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.